[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14067
Non-Argument Calendar
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 13, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00211-CR-F-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH E. BEVERLY, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(March 13, 2006)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Kenneth E. Beverly, Jr., appeals the district court's restitution

order requiring monthly payments of $500 and holding him jointly and severally

liable for $18,000 in losses. Pursuant to a negotiated plea, Beverly pled guilty to one count of aiding and abetting in the theft of government property, in violation of 18 U.S.C. §§ 641 and 2. Based upon the uncontested facts as contained in the Presentence Investigation Report ("PSI"), Beverly, with his codefendant Walter Alexander, stole approximately $2,000 worth of electronics equipment per week from Maxwell Air Force Base Exchange. Beverly participated in the scheme for approximately 9 weeks, while Alexander participated for 15 weeks.

On appeal, Beverly argues that the district court erred by failing to consider his economic and family situation, as required by the Mandatory Victims Restitution Act ("MVRA"). Specifically, Beverly contends that the district court should have considered his income and his financial obligations to his family, in determining the restitution payment schedule. Beverly asserts that the district court ordered him to pay $500 a month despite his negative net income. Beverly states that even without the $570 per month payments on his Chevrolet Tahoe, which the PSI recommended that he sell, he has a negative net monthly income.

We review the legality of a restitution order *de novo* and the factual findings underlying a restitution order for clear error. *United States v. Hasson*, 333 F.3d 1264, 1275 (11th Cir. 2003).

The MVRA states that "when sentencing a defendant convicted of [certain

2

property offenses], the court shall order . . . that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). In crafting the restitution payment schedule, the district court must consider (1) the financial resources and other assets of the defendant, (2) the projected earnings and other income of the defendant, and (3) any financial obligations of the defendant, including obligations to dependents. 18 U.S.C. § 3664(f)(2)(A)-(C). "The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall be on the defendant." 18 U.S.C. § 3664(e).

Because there is evidence in the record supporting the district court's order, and because Beverly failed to present evidence of his inability to pay the ordered amount, we conclude that the district court adequately considered Beverly's financial situation.

Next, Beverly argues that he was less culpable for the offense than Alexander, as he only provided the boxes in which the stolen items were hidden and was involved in the scheme for a shorter period of time. He states that he was ordered to pay $18,000 in restitution jointly and severally with Alexander at a rate of $500 a month, while Alexander was only required to pay $200 a month. He contends that the district court should have structured the repayment schedules to reflect his lesser degree of culpability.

3

Again, we review the legality of a restitution order *de novo* and the factual findings underlying a restitution order for clear error. *Hasson*, 333 F.3d at 1275. "If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h).

Because the district court had the discretion to apportion liability among codefendants, and did so by holding Beverly jointly and severally liable for $18,000 while holding Alexander jointly and severally liable for the total $30,000 of loss, we conclude that the district court did not err in imposing its restitution order.

For the above-stated reasons, we affirm the district court's restitution order.

**AFFIRMED.**